# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN M. RICHARDS

    Petitioner,

vs.

JAMES "GREG" COX, et al.,

    Respondents.

Case No. 3:11-CV-00836-LRH-(WGC)

**ORDER**

    Petitioner has submitted an amended petition (#6) and a motion for leave of court to file longer than normal petition (#5). The court will grant petitioner's motion (#5). The court has reviewed the amended petition pursuant to 28 U.S.C. § 2243, and the court will dismiss this action.

    As the court noted in its earlier order (#3), the Nevada Supreme Court reversed petitioner's convictions for kidnaping with the use of a deadly weapon, sexual assault with the use of a deadly weapon, and two counts of coercion with the use of a deadly weapon, because of legal errors in the prosecutor's arguments to the jury. The court dismissed petitioner's claim that he was being held illegally in state prison because the state-court proceedings had not yet concluded when petitioner filed his original petition (#4). Petitioner has now filed a notice of a change of address (#8) that indicates that he has been transferred back to the county jail for retrial. The court noted that petitioner's claim of insufficient evidence to support the verdicts could survive the reversal of his conviction, because if the claim had merit, then retrial would be barred by the Double Jeopardy Clause of the Fifth Amendment. See United States v. Huber, 772 F.2d 585, 592 (9th Cir. 1985).

However, petitioner did not allege any facts in support of this ground. The court directed petitioner to file an amended petition to allege what evidence was presented to the jury.

Ground 1 of the amended petition (#6) corrects the defects of ground 2 of the original petition (#4), but it also introduces new defects, and the evidence alleged shows that petitioner's claim of insufficient evidence is without merit. First, petitioner claims that the charges for kidnaping and the two counts of coercion violate the Double Jeopardy Clause because they are actually all the same offense. See Blockburger v. United States, 284 U.S. 299, 304 (1932). At the moment, this question is premature. Blockburger does not bar retrial on offenses that have had their convictions reversed for other reasons, as is the case with petitioner. Blockburger might be an issue later—the court expresses no opinion on the matter—but only if petitioner is again convicted on the kidnaping and coercion charges.

Second, the evidence that petitioner alleges was presented at trial was sufficient to sustain the convictions on all counts. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324. "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324 n.16. The victim testified that petitioner cut the cord of her telephone, which is an element of coercion. Nev. Rev. Stat. § 207.190(1)(b). The victim testified that petitioner forced her to remove her clothing, which is an element of coercion. Id. The victim testified that petitioner detained her by putting his knees on her hands and holding her torso with his legs, which is an element of kidnaping. Nev. Rev. Stat. § 200.310(1). The victim testified that petitioner penetrated her digitally and orally. That testimony satisfies the meaning of sexual penetration, Nev. Rev. Stat. § 200.364, which is a major element of sexual assault, Nev. Rev. Stat. § 200.366. That testimony also allows the jury to infer the intent necessary for petitioner to have committed coercion and kidnaping. Petitioner alleges in the amended petition that other testimony might have diminished the victim's credibility. However, credibility is a question for the jury. If the jury chose

to believe the victim, then there was sufficient evidence to support the convictions. Consequently, a retrial on these counts does not violate the Double Jeopardy Clause of the Fifth Amendment.

Ground 2 in the amended petition (#6) is a claim of cumulative error. To the extent that petitioner repeats the allegations of ground 1, this ground is redundant. Any other allegations presented in this ground are moot and premature because his convictions have been reversed and he had been remanded for retrial.

Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that petitioner's motion for leave of court to file longer than normal petition (#5) is **GRANTED**.

IT IS FURTHER ORDERED that the amended petition for a writ of habeas corpus (#6) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 30th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE